## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

———————————

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.                                  Case No. 16-cr-3049-WJ

**JESUS ALEJANDRO VAZQUEZ-SERRANO**,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING PRO SE MOTION FOR SENTENCE REDUCTION

**THIS MATTER** comes before the Court upon inmate[1] Jesus Alejandro Vazquez-Serrano's pro se[2] Motion for a Sentence Reduction (**Doc. 11**) as well as the United States' Response (**Doc 13**). After reviewing the briefs and applicable law, the Court concludes it lacks jurisdiction to modify Vazquez-Serrano's sentence. As such, his request for a sentence reduction is **DISMISSED without prejudice**.

## BACKGROUND[3]

### I. D.N.M. Case No. 16-cr-2817[4]

In May of 2016, Vazquez-Serrano was charged by criminal complaint (**Doc. 1**) with unlawful reentry in violation of 8 U.S.C. § 1326(b)(1). Then in June, he (1) was charged by

---

[1] Even though Vazquez-Serrano is incarcerated (again), *infra* n.5, that's for a different case from another district. As the Court makes clear later, *see infra* ¶¶ I–III (Background), Vazquez-Serrano is not serving prison time for any sentence from this Court. *See* **Doc. 20** (No. 16-cr-2817) **& Doc. 10** (No. 16-cr-3049).

[2] The Court construes Vazquez-Serrano's pro se pleading "liberally," but does not act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[3] This Court can take "judicial notice of documents and docket materials filed in other courts." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (Tymkovich, J.). Parts of this background section are derived from this Court's docket. But other facts are taken from the dockets of the other district court cases cited by the parties. *See* **Docs. 11 & 13**.

[4] Vazquez-Serrano's Motion under Amendment 821 was not filed on CM/ECF in this case.

Information (**Doc. 9**), (2) waived his indictment (**Doc. 10**), (3) entered into a "fast track" plea agreement under Rule 11(c)(1)(C), *see* **Doc. 12**, and (4) pleaded guilty in front of a Magistrate Judge (**Doc. 11**). In August of 2016, this Court sentenced Vazquez-Serrano to 8 months' imprisonment. Judgment was entered on September 23, 2016 (**Doc. 20**).

## II. D.N.M. Case No. 16-cr-3049

In July of 2016, the above-captioned case was transferred from the Western District of Texas. *See* **Docs. 1 & 2**. This was a supervised release violation. Vazquez-Serrano's illegal reentry in the 16-cr-2817 case, *see supra* ¶ I, formed the basis of the Petition (**Doc. 2**). Ultimately, he admitted to the violation (**Doc. 9**) and was sentenced to 6 months' imprisonment. Judgment was entered on September 23, 2016 (**Doc. 10**).

* * * * *

All said, Vazquez-Serrano was sentenced to 8 months imprisonment for the illegal reentry, *see* **Doc. 20** (No. 16-cr-2817), and 6 months on the supervised release violation (No. 16-cr-3049). *See* **Doc. 10**. The supervised release sentence ran half concurrent and half consecutive (*i.e.*, 3 months concurrent and 3 months consecutive) with the illegal reentry sentence.

## III. Other Cases

Vazquez-Serrano's Motion also lists a few other cases.

The first is case number 15-cr-339: a purported supervised release violation. Although no reference is made to the specific District, the Court is aware that the "Judge Cardone" referenced is the Honorable Kathleen Cardone from the Western District of Texas. This case involves Vazquez-Serrano's illegal reentry on or about February 2015. *See* **Docs. 1 & 9**. In June of 2015, Vazquez-Serrano pleaded guilty (**Docs. 17, 19, 22–24**). He was sentenced to 8 months in custody.

**Doc. 30**. This case served as the predicate offense to Vazquez-Serrano's supervised release violation in case number 16-cr-3049. *See supra* ¶ II.

* * *

The next case mentioned in Vazquez-Serrano's Motion is 20-cr-241 (out of the Western District of Missouri). Once again, Vazquez-Serrano was charged with illegal reentry (**Doc. 1**). There, he pleaded guilty (**Docs. 15, 16, 18**) and was sentenced to "Time Served." **Doc. 35 at 2**. Part and parcel with this 2020 illegal reentry case, Vazquez-Serrano was also charged—and convicted—of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. **Doc. 40 at 1–2** (No. 20-cr-241). That case also arises out of the Western District of Missouri; this time in case number 21-cr-39-2.

Vazquez-Serrano pleaded guilty (**Doc. 147**) to drug trafficking in case number 21-cr-39-2. And in February 2024, he was sentenced to 138 months' imprisonment "to run concurrent with case number 20-00241-01-CR-W-BCW." **Doc. 193 at 2**.

Vazquez-Serrano is currently serving this sentence at Big Spring FCI. His anticipated release date is June 7, 2030.[5] Albeit a rough approximation, but Vazquez-Serrano has approximately 62 months on this drug trafficking sentence remaining.

<h2 style="text-align:center">LEGAL STANDARD</h2>

Amendment 821 lowered the advisory Guidelines range for some criminal defendants. In Part A, the Commission altered the "status points" provision. *See* USSG § 4A1.1(e). Under Part B, § 4C1.1(a) now provides a two-offense-level reduction for offenders who present with zero criminal history points *if* the offender satisfies ten prerequisites for eligibility. *See* USSG § 4C1.1(a)(1)–(10). But Amendment 821 and § 3582(c)(2) only apply to "a case in which a

---

[5] The Court relies on the Bureau of Prisons ("BOP") inmate locator for this information. *See* BOP Inmate Locator, available at https://www.bop.gov/inmateloc/.

defendant is serving a term of imprisonment." USSG § 1B1.10(a)(1); *see also United States v. Fisher*, 658 F. App'x 363, 364 (10th Cir. 2016) (unpublished) (Hartz, J.).

As is true in other contexts, a prisoner seeking a sentence reduction under § 3582(c)(2) must file in the proper court. *Cf. Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (rejecting habeas petitions brought in other judicial districts because "[t]he result would be rampant forum shopping"). And because a § 3582(c)(2) motion "does not provide the district court with the opportunity to begin the entire sentencing process anew," that means the motion must be brought in front of the sentencing court. *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009).

## DISCUSSION

On April 7, 2025, Vazquez-Serrano filed the instant motion seeking a sentence reduction "in The Docket no. 20:-00241-01-CR-W-BCW" under Amendment 821 (**Doc. 11 at 1**). But that isn't one of his cases from this Court. As stated above, Vazquez-Serrano is not currently incarcerated for either of his District of New Mexico cases. *See supra* ¶¶ I & II. Nor was Vazquez-Serrano "assessed criminal history points" at his 2016 sentencing for his later-in-time 2020 Western District of Missouri case as he alleges (**Doc. 11 at 2**).

As explained below, Vazquez-Serrano is "not eligible" for a reduction of his already served sentence. **Doc. 13 at 1**. Moreover, this Court lacks jurisdiction to reduce his sentence in a separate criminal case that occurred in another district.[6]

### I. Mootness — D.N.M. 16-cr-2817

This Court sentenced Vazquez-Serrano to 8 months imprisonment for illegal reentry. *See* **Doc. 20** (No. 16-cr-2817). But he's not incarcerated for that offense anymore. And an inmate released from prison can no longer seek refuge in § 3582(c)(2). As the Supreme Court has made

---

[6] For what it's worth, U.S. District Judge Brian Wimes already denied Vazquez-Serrano's motion for a sentence reduction in his Western District of Missouri cases. *See* **Doc. 41** (No. 20-cr-241).

clear, once an inmate's sentence (whether it be custody or supervision) has expired, a court loses jurisdiction over sentencing-related motions. *Cf. Maleng v. Cook*, 490 U.S. 488, 491–92 (1989) (discussing habeas § 2241 jurisdiction). Plus, "the reduced term of imprisonment" cannot "be less than the term of imprisonment the defendant has already served." USSG § 1B1.10(b)(2)(C). As the United States put it, this Court cannot "reduce a sentence that [Vazquez-Serrano] is no longer serving." **Doc. 13 at 3**.

\* \* \*

A case becomes moot if, at any stage of litigation, a party no longer suffers from or is threatened by an actual injury that could be remedied by a favorable judicial decision. *See United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). And in a case where an inmate has fully served his sentence, dismissal on grounds of mootness is nearly always warranted. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Once a convict's sentence has expired, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." (cleaned up)); *see also United States v. Fields*, 823 F. App'x 587, 589 (10th Cir. 2020) (unpublished).

The fact Vazquez-Serrano is no longer in custody for this case (No. 16-cr-2817) also means his request for a sentence reduction is moot. *See United States v. Booker*, 382 F. App'x 267 (4th Cir. 2010) (unpublished and per curiam); *United States v. Cawthorne*, Nos. 24-30090 & 24-30129, 2024 U.S. App. LEXIS 20915, at *2 (5th Cir. Aug. 19, 2024) (unpublished and per curiam). Plus, the Court's imposition of supervised release was "unsupervised" (**Doc. 20 at 3**)—meaning there are no collateral consequences remaining. *See United States v. Robles-Ortega*, 336 F. App'x 824, 826 (10th Cir. 2009) (unpublished) (stating that the "unsupervised" nature of supervised release made the challenge "moot"); *United States v. Gutierrez*, 2023 U.S. App. LEXIS 26299, at *4–5

(10th Cir. Oct. 4, 2023) (unpublished). Any would-be argument for a sentence reduction based on the Court's imposition of "unsupervised" supervised release are unpersuasive.

## II. Ineligibility for Supervised Release Violations — D.N.M. 16-cr-3049

"Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced . . . . This section does not authorize a reduction in the term of imprisonment imposed upon a revocation of supervised release." USSG § 1B1.10 cmt. 4(A).

The Court cannot reduce the custodial sentence imposed for Vazquez-Serrano's supervised release violation either. *See* **Doc. 10** (No. 16-cr-3049). That's because retroactive relief under Section 3582(c) "does not apply to a term of imprisonment imposed upon revocation of supervised release." *United States v. Fontenot*, 583 F.3d 743, 744 (10th Cir. 2009). The Sentencing Commission's policy statement reinforces this point, stating (quite bluntly) that § 3582(c) "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." USSG § 1B1.10, cmt. 8.

Plus, like the other D.N.M. case, Vazquez-Serrano isn't incarcerated for this violation.

## III. Lack of Jurisdiction in D.N.M. to Reduce a W.D. Mo. Sentence

"[A] court may not modify a term of imprisonment once it has been imposed" unless it's "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." 18 U.S.C. §§ 3582(c) & (c)(2).

To be sure, Vazquez-Serrano is serving a term of imprisonment. But the "case" he's imprisoned for is not from this District. *See* 18 U.S.C. § 3582(c)(2) (". . . in the ***case*** of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . ." (emphasis added)). Rather, it's because of his subsequent convictions in the Western District of Missouri. As such, this Court lacks jurisdiction.

* * *

The plain language of § 3582 acts as a restriction on courts to adjust sentences once imposed. *See Concepcion v. United States*, 597 U.S. 481, 495 (2022) ("Congress has . . . imposed express statutory limitations on . . . sentencing modification proceeding[s]" under § 3582(c)(2)); *see also United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) (explaining a district court "is authorized to modify a defendant's sentence" only where "Congress has *expressly* granted . . . jurisdiction to do so," and further explaining such authority is "limited" (internal quotations and citations omitted)); *cf. Freeman v. United States*, 564 U.S. 522, 531 (2011) ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion."). The default rule is that a sentence, once adjudged, is final. *See United States v. Brown*, 974 F.3d 1137, 1143 (10th Cir. 2020). And unless an inmate meets specific criteria, the Court lacks jurisdiction. *See Gay*, 771 F.3d at 686 ("This limited jurisdiction is a 'narrow exception to the usual rule of finality of judgments . . . .'" (quoting *United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008)).

The Court's authority to "modify a term of imprisonment once it has been imposed" is laid out in 18 U.S.C. § 3582(c). But a reading of the full statute[7] is informative. Especially given the

---

[7] Subsection (a) uses the word "impose." 18 U.S.C. § 3582(a). There, it refers to the district court's original, plenary sentencing.

Then, subsection (b) goes on to explain the sentence imposed in (a) is final—subject to: (1) modification under subsection (c), (2) correction under Fed. R. Crim. P. 35, or (3) appeal.

Finally, subsection (c) then outlines the circumstances in which a term of imprisonment "imposed" under (a) can be modified. *See* §§ 3582(c)(1) & (2).

There can be no doubt, then, that subsection (c) only permits the court that imposed the sentence in subsection (a) to modify that sentence under subsection (c). *See, e.g., United States v. Martin*, 974 F.3d 124, 140 (2d Cir. 2020) (emphasizing the use of "modify" and "imposed" in § 3582); *United States v. Chambers*, 956 F.3d 667, 672 n.2 (4th Cir. 2020) (explaining Congress used the word modify in "contradistinction to an already 'imposed' sentence"); *United States v. Moore*, 963 F.3d 725, 728–29 (8th Cir. 2020) (analyzing the use if "impose" in the statute); *United States v. Maiello*, 805 F.3d 992, 997 (11th Cir. 20115) (comparing §§ 3582(a) & (c)). To read the statute otherwise would encourage forum-shopping for judges far and wide who are unfamiliar with an inmate. *See United States v. Chachanko*, No. 06-cr-50117, 2024 U.S. Dist. LEXIS 118143, at *40 (D.S.D. July 2, 2024) (explaining that § 35682 proceedings "must be undertaken in

7

repeated use of "impose" throughout. *See Barber v. Thomas*, 560 U.S. 474, 483–84 (2010) (recognizing a "presumption that a given term is used to mean the same thing throughout a statute" (internal quotation and citation omitted). After all, "it is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Roberts v. Sea-Land Services, Inc.*, 566 U.S. 93, 100 (2012) (citation omitted).

The statute's words have meaning. And this Court must apply the plain meaning of the statutory text passed by Congress. *See United States v. Graham*, 305 F.3d 1094, 1102 (10th Cir. 2002); *Iron Bar Holdings, LLC v. Cape*, 131 F.4th 1153, 1167 (10th Cir. 2025).

### A. D.N.M. cases

It is uncontested that Vazquez-Serrano was sentenced by this Court. And a term of imprisonment was imposed. But he has completed those sentences. So although a sentence was "imposed," there is nothing left for this Court to "modify."

Even assuming Vazquez-Serrano's advisory Guidelines range was lowered for his New Mexico cases, he isn't eligible for a sentence reduction under Amendment 821 and § 3582(c)(2). *See supra* ¶¶ I & II.

### B. W.D. Mo. cases

As mentioned above, Vazquez-Serrano is serving a custodial sentence for his drug trafficking conviction in the Western District of Missouri. This means there is a "term of imprisonment" that *could* be modified. But this Court cannot modify that sentence—because "it" (the sentence) was not "imposed" by this Court. 18 U.S.C. § 3582(c).

---

the court where the prisoner was sentenced" because "[a]n alternative rule would allow and incentivize a petitioner to forum shop and search for the most lenient judge").

Indeed, any request for a sentence reduction under § 3582 must be made to the sentencing court that imposed that sentence. *See United States v. Gonzalez*, 304 F. App'x 739, 741 (10th Cir. 2008) (unpublished) (citing *United States v. Price*, 438 F.3d 1005, 1007 & n.2 (10th Cir. 2006) (explaining "a sentencing court" is authorized to modify a defendant's sentence)); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) (noting that "the sentencing court" applies a two-step approach under § 3582(c)(2)); *United States v. Caraballo*, 552 F.3d 6, 11 (1st Cir. 2008) (using the same language to discuss a "sentencing court['s]" authority); *United States v. Avery*, 807 F. App'x 74, 77 (2d Cir. 2020) (explaining that sentence reductions "must be made by the sentencing court"); *United States v. Dunphy*, 551 F.3d 247, 253 (4th Cir. 2009) (noting § 3582(c)(2) "gives the sentencing court" the authority to reduce a sentence); *United States v. Ross*, 165 F. App'x 473, 474 (7th Cir. 2006) (unpublished) (same); *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1001 (8th Cir. 2023) (same); *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010) (same).

Thus, it is not appropriate (or permissible) for *this* Court to reduce Vazquez-Serrano's sentence in a different case. Back in 2016, this Court determined that Vazquez-Serrano's illegal reentry warranted 8 months' imprisonment, *see* **Doc. 20** (No. 16-cr-2817), and his supervised release violation warranted 6 months' imprisonment. *See* **Doc. 10** (No. 16-cr-3049). Those periods of incarceration have been served. If Vazquez-Serrano's sentence is to be "modif[ied]" *now*, it must occur by the Court who imposed "it."[8]

\* \* \* \* \*

The Court's conclusion that Vazquez-Serrano is ineligible for a sentence reduction is fatal to its subject matter jurisdiction. *See United States v. Rodriguez-Dimas*, 651 F. App'x 819, 821

---

[8] A "second or successive § 3582(c)(2) motion" would not be jurisdictionally barred, but Eighth Circuit case law indicates it would likely be denied as untimely. *United States v. Mofle*, 989 F.3d 646, 648 (8th Cir. 2021).

(10th Cir. 2016) (unpublished); *see also United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013). The motion for a sentence reduction must be dismissed.[9] *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Vazquez-Serrano's pro se Motion (**Doc. 11**) for a sentence reduction is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

To the extent such a recommendation is allowed, this Court strongly recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.[10]

/s/

_____

WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

---

[9] The United States asks the Court to "deny" the motion. **Doc. 13 at 4**. But ineligibility under § 3582(c)(2) is jurisdictional—so dismissal is the appropriate course of action. *See United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (unpublished) (citing *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017)).

[10] In the undersigned's experience, each district court uses its own version of the AO Form 245B (Judgment in a Criminal Case). And whether immigration removal recommendations are included—or not—varies. Including a recommendation that "Immigration and Customs Enforcement begin removal proceedings during service of sentence" is routine practice in the District of New Mexico. And the Tenth Circuit has approved of such language. *See United States v. Luciano-Guillermo*, 305 F. App'x 511, 513 (10th Cir. 2008) (Holmes, J.) (noting the district court's removal recommendation "is not an unusual one").

To be sure, other districts routinely include similar language. *See, e.g., United States v. Cruz-Perez*, No. 08-cr-311-3, **Doc. 474 at 3** (D.P.R. Mar. 5, 2015) (recommending "transfer[] to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings . . . ."); *United States v. Zacapala-Ramirez*, No. 18-cr-243-1, **Doc. 22 at 2** (E.D. Va. July 12, 2018) (recommending defendant be released to "immigration authorities if they . . . file[] a detainer"); *United States v. Banuelas-Perez*, No. 12-cr-298, **Doc. 51 at 2** (W.D. Tex. Apr. 4, 2012) (recommending ICE deport the defendant immediately).

Neither of the Judgments in Vazquez-Serrano's Western District of Missouri cases contain a deportation recommendation. Instead, only the "special conditions" indicate he will likely be removed. *See* **Doc. 193 at 5 ¶ a** (No. 21-cr-39). Despite—and also because of—Vazquez-Serrano's repeated history of illegal reentry after removal, this Court recommends ICE begin removal proceedings during the service of his sentence in case number 21-cr-39-2 (W.D. Mo.).